**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4438

DONALD WADE SAWYERS, a/k/a
Buckwheat,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
William L. Osteen, Sr., District Judge.
(CR-95-270)

Submitted: December 19, 1996

Decided: January 10, 1997

Before ERVIN and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Danny T. Ferguson, Winston-Salem, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Clifton T. Barrett,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donald Wade Sawyers was convicted by a jury of conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C. § 846 (1994). He appeals his conviction on the ground of insufficient evidence. Sawyers also appeals his 235-month sentence, contending that the district court clearly erred in determining the amount of crack for which he was responsible, USSG § 2D1.1,[1] and in enhancing his sentence for obstruction of justice on a finding that he perjured himself at trial, USSG § 3C1.1. We affirm the conviction and sentence.

Between 1989 and the fall of 1995, Timothy Ray Smith and his associates made regular trips from Mt. Airy, North Carolina, to New York to buy cocaine powder. The cocaine was cooked into crack in Mt. Airy and distributed. Numerous witnesses who were involved in the conspiracy testified at Sawyers' trial. Several had seen Sawyers receive one-ounce quantities of crack from Smith or pay Smith for ounces Sawyers had previously received. Others bought crack or cocaine powder from Sawyers. A state undercover officer testified that he bought 1.2 grams of crack and .7 grams of cocaine powder from Sawyers in 1992; Sawyers was convicted of this offense in state court and received a suspended sentence.

When federal agents arrested Sawyers in November 1995, the agents found about $21,000 in cash in a Chevrolet parked behind his house. Sawyers consented to the search and provided the key to the car. At trial, the defendant's brother, Jerry Sawyers, testified that the money was a pension plan disbursement he had received from his employer. He said he owned the Chevrolet and hid the money in the car to keep it from his estranged wife. He said he had not obtained

_____

[1] United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1995).

a title for the car and had not told the defendant the money was in the car. Sawyers testified in his own behalf that he had used drugs but had never sold drugs. He denied selling crack and cocaine to the undercover agent in 1992 and said he entered a guilty plea to that charge on his lawyer's advice. He said a friend had asked him to sell the Chevrolet for her and that he did not know his brother had bought the car or that $21,000 was in it.

A conviction must be sustained if there is substantial evidence to support the verdict when the evidence is viewed in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942). This case turned primarily on the jury's assessment of the credibility of the witnesses, a determination which is not reviewable on appeal. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Sawyers asserts that the government's witnesses were not credible because all but two of them were hopeful of receiving a sentence reduction for substantial assistance and that, if the testimony of those witnesses is discounted, insufficient evidence remains for a conviction. We disagree. Defense counsel explored thoroughly in the presence of the jury the possible benefit to each witness of his or her testimony against Sawyers. Two of the witnesses could not be discredited on this ground. Ramona Speaks and James Gwynn testified that they bought crack and cocaine powder from Sawyers; Speaks had not been charged, and Gwynn was not in a position to receive a sentence reduction. Moreover, the testimony of the government's witnesses was corroborated by that of the undercover officer. A reasonable factfinder could conclude that the government's witnesses were more credible than the defense witnesses and that Sawyers participated in the conspiracy.

Sawyers next argues that the district court clearly erred in converting the $21,000 seized from the car to its crack equivalent for sentencing purposes. He attempts to distinguish United States v. Hicks, 948 F.2d 877, 883 (4th Cir. 1991), which approved a similar conversion of money into its drug equivalent when the amount of drugs seized did not reflect the scale of the defendant's involvement. In that case, the defendant admitted that most of the money seized from his home was drug proceeds. Although Sawyers made no such admission, the district court found by a preponderance of the evidence that the money belonged to Sawyers and was drug-related, and the finding is

3

supported by the evidence produced at trial that Sawyers had engaged in drug trafficking for several years.**2** See United States v. Gonzalez-Sanchez, 953 F.2d 1184, 1187 (9th Cir. 1992) (conversion of money to drug equivalent only improper without finding of link to drug transaction).

Finally, Sawyers challenges the district court's finding that he gave perjured testimony when he denied selling drugs to the undercover officer, Ramona Speaks, or James Gwynn. He contends that the finding was inadequate under United States v. Dunnigan, 507 U.S. 87 (1992). Before making an adjustment for obstruction of justice based on the defendant's perjury at trial, the district court must make a finding which either addresses each element of perjury or encompasses a finding that the defendant willfully gave false testimony on a material matter. Id. at 95. The district court here found that Sawyers was untruthful in denying that he sold drugs to Speaks, James Gwynn, and the undercover officer. Sawyers could not have been confused or mistaken about the matter, and it was material to the question of his guilt. Consequently, the district court's finding was adequate under Dunnigan and was not clearly erroneous.

The conviction and sentence are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

**2** Sawyers' brother again testified at the sentencing hearing that the money was his. However, he was unable to remember where he had cashed or deposited the check from his employer initially and could not explain why most of the money was in two containers each holding about $10,000 or why he had failed to pay child support despite a court order to do so.

4